IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01938-BNB
(**The above civil action number must appear on all future papers
  sent to the Court in this action.  Failure to include this number
  may result in a delay in the consideration of your claims.**)

JAMES P. ROBERTSON, JR.,

      Applicant,

v.

UNITED STATES OF AMERICA,

      Respondent.

---

ORDER DIRECTING APPLICANT TO CURE DEFICIENCIES AND SHOW CAUSE

---

      Applicant, James P. Robertson, Jr., is a prisoner in the custody of the Federal

Bureau of Prisons at the United States Penitentiary, High Security, in Florence,

Colorado.

      Mr. Robertson has filed *pro se* an Application for a Writ of Habeas Corpus

Pursuant to 28 U.S.C. § 2241 (ECF No. 1), characterized as a Motion to Vacate, Set

Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255.  On July 14, 2014, he filed an

amended Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No.

3), also characterized as a Motion to Vacate, Set Aside or Correct Sentence Pursuant to

28 U.S.C. § 2255.  Neither motion to vacate is on the Court-approved form, and each

fails to name as Respondent Mr. Robertson's current warden, superintendent, jailer, or

other custodian, who is the only proper Respondent in a habeas corpus action.  The

United States of America is not a proper party to this action.

As part of the Court's review pursuant to D.C.COLO.LCivR 8.1(b), the Court has

determined that the submitted documents are deficient as described in this order.

Applicant will be directed to cure the following if he wishes to pursue any claims in this

Court in this action.  Any papers that Applicant files in response to this order must

include the civil action number on this order.

**28 U.S.C. § 1915 Motion and Affidavit**:
| | | |
|---|---|---|
| (1) | X | is not submitted |
| (2) | __ | is missing affidavit |
| (3) | __ | is missing certified copy of prisoner's trust fund statement for the 6-month period immediately preceding this filing |
| (4) | X | is missing certificate showing current balance in prison account |
| (5) | __ | is missing required financial information |
| (6) | __ | is missing an original signature by the prisoner |
| (7) | __ | is not on proper form (must use the Court's current form) |
| (8) | __ | names in caption do not match names in caption of complaint, petition or habeas application |
| (9) | X | other:  § 1915 motion and affidavit and certificate showing current balance in prison account only are necessary if $5.00 filing fee is not paid in advance |

**Complaint, Petition or Application**:
| | | |
|---|---|---|
| (10) | __ | is not submitted |
| (11) | __ | is not on proper form |
| (12) | __ | is missing an original signature by the prisoner |
| (13) | __ | is missing page nos. ___ |
| (14) | __ | uses et al. instead of listing all parties in caption |
| (15) | __ | names in caption do not match names in text |
| (16) | __ | addresses must be provided for all defendants/respondents in "Section A. Parties" of complaint, petition or habeas application |
| (17) | __ | other: |

For the reasons stated below, Mr. Robertson will not be directed at this time to

correct any deficiencies in his amended Application for Writ of Habeas Corpus Pursuant

to 28 U.S.C. § 2241 (ECF No. 3) by filing a second amended § 2241 application on the

proper form that names the proper Respondent.

The Court must construe Mr. Robertson's filings liberally because he is not

2

represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. The Court may take judicial notice of its own records and files that are part of the Court's public records. *See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979). For the reasons stated below, Mr. Robertson will be ordered to show cause why the action should not be dismissed.

Mr. Robertson is challenging the validity of his convictions and sentence in Criminal Action No. 08-cr-00240-EAK-TBM-1 in the United States District Court for the Middle District of Florida (Middle District of Florida). On December 21, 2011, a jury convicted him on two counts of murder in aid of racketeering in violation of 18 U.S.C. § 1959(a)(1). On December 22, 2011, the Middle District of Florida entered an amended judgment sentencing Mr. Robertson to life imprisonment, sixty months of supervised release, and restitution in the amount of $3,000.00. On November 12, 2013, the United States Court of Appeals for the Eleventh Circuit (Eleventh Circuit) affirmed his convictions. *United States v. Robertson*, No. 12-10046 (10th Cir. Nov. 12, 2013), published at 736 F.3d 1313 (10th Cir. Nov. 12, 2013). Mr. Robertson did not petition for certiorari review. Nor did he file a Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 in the sentencing court.

As noted above, Mr. Robertson is challenging the validity of his conviction and sentence in the instant action. He specifically challenges the effectiveness of his trial counsel, lack of jurisdiction as he believes would have been shown by expert witness testimony, and the constitutionality of 18 U.S.C. § 1959.

3

The purposes of an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion pursuant to 28 U.S.C. § 2255 are distinct and well established. "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined" while "[a] 28 U.S.C. § 2255 petition attacks the legality of detention and must be filed in the district that imposed the sentence." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). A habeas corpus petition pursuant to § 2241 "is not an additional, alternative, or supplemental remedy, to the relief afforded by motion in the sentencing court under § 2255." *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) (per curiam). Instead, "[t]he exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." *Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965); *see* 28 U.S.C. § 2255(e).

Mr. Robertson bears the burden of demonstrating that the remedy available pursuant to 28 U.S.C. § 2255 is inadequate or ineffective. *See Prost v. Anderson*, 636 F.3d 578, 584 (10th Cir. 2011). This burden is not easily satisfied because "[o]nly in rare instances will § 2255 fail as an adequate or effective remedy to challenge a conviction or the sentence imposed." *Sines v. Wilner*, 609 F.3d 1070, 1073 (10th Cir. 2010); *see also Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999) (noting that the remedy available pursuant to § 2255 is inadequate or ineffective only in "extremely limited circumstances"). The test for determining whether the remedy provided in the sentencing court pursuant to § 2255 is inadequate or ineffective is whether Mr. Robertson's claims could have been raised in an initial § 2255 motion. *See Prost*, 636 F.3d at 584. "If the answer is yes, then the petitioner may not resort to the savings

4

clause [in § 2255(e)] and § 2241." *Id.*

Mr. Robertson fails to demonstrate that the remedy available to him pursuant to 28 U.S.C. § 2255 in the sentencing court is inadequate or ineffective.  "Failure to obtain relief under § 2255 does not establish that the remedy so provided is either inadequate or ineffective." *Bradshaw*, 86 F.3d at 166.  Therefore, Mr. Robertson will be ordered to show cause why the amended § 2241 application should not be denied and this action dismissed because he has an adequate and effective remedy pursuant to § 2255 in the sentencing court.

Accordingly, it is

ORDERED that Applicant, James P. Robertson, Jr., cure the deficiencies designated above **within thirty (30) days from the date of this order**.  Any papers that Applicant files in response to this order must include the civil action number on this order.  It is

FURTHER ORDERED that Applicant show cause in writing **within thirty (30) days from the date of this order** why the amended habeas corpus application pursuant to 28 U.S.C. § 2241 (ECF No. 3) should not be denied and this action dismissed because he has an adequate and effective remedy pursuant to 28 U.S.C. § 2255 in the United States District Court for the Middle District of Florida, the sentencing court.  It is

FURTHER ORDERED that if Mr. Robertson fails to cure the designated deficiencies and show good cause within the time allowed, the amended application will be denied and the action dismissed without further notice.

DATED July 14, 2014, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge