IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01938-BNB

JAMES P. ROBERTSON, JR.,

    Applicant,

v.

UNITED STATES OF AMERICA,

    Respondent.

---

ORDER DENYING REQUEST TO STRIKE AND DIRECTING
APPLICANT TO FILE SECOND AMENDED 28 U.S.C. § 2241 APPLICATION

---

    This matter is before the Court on the affidavit filed on July 25, 2014 (ECF No. 6), by the father, James P. Robertson, Sr., of Applicant asking the Court to strike the amended Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 filed on July 14, 2014 (ECF No. 3) because he alleges he submitted and signed it on behalf of his son, James P. Robertson, Jr.  He alleges that it is word-for-word the same as the Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 filed by his son on July 3, 2014 (ECF No. 1).

    The request to strike will be DENIED.  Mr. Robertson, Sr., is not a party to this action.  The Court need not address his filings.  The Court notes, however, that on closer examination it is clear that Mr. Robertson, Jr., failed to sign the amended application (ECF No. 3 at 38) and Mr. Robertson, Sr., signed only an affidavit attached to the amended application (ECF No. 3 at 40).

    Rule 11 of the Federal Rules of Civil Procedure requires that every document

filed "must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented." Mr. Robertson, Sr., neither qualifies as Applicant's attorney nor the unrepresented Applicant in this action.

In any event, Applicant was ordered on July 14, 2014 (ECF No. 4) to cure certain deficiencies in this action and show cause why this action should not be dismissed because Applicant has an adequate and effective remedy under 28 U.S.C. § 2255 in the sentencing court. At that time, Mr. Robertson, Jr., was not directed to correct any deficiencies in his amended Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 3) by filing a second amended § 2241 application on the proper form that named the proper Respondent.

However, Applicant now will be ordered to file a second amended Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 on the proper, Court-approved form that only he signs. Mr. Robertson, Jr., is advised that the only proper respondent to a habeas corpus action is the applicant's custodian. *See* 28 U.S.C. § 2242; Rules 2(a) and 1(b), Section 2254 Rules; *Harris v. Champion*, 51 F.3d 901, 906 (10th Cir. 1995). The United States of America is not a proper Respondent.

Accordingly, it is

ORDERED that the request to strike characterized as an affidavit filed on July 25, 2014 (ECF No. 6), by James P. Robertson, Sr., the father of Applicant, is denied for the reasons stated in this order. It is

FURTHER ORDERED that Applicant shall obtain the Court-approved forms for filing a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action and an Application for Writ of Habeas Corpus

Pursuant to 28 U.S.C. § 2241 (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov, and use those forms in curing the designated deficiencies and in filing the second amended § 2241 application that only he signs within the time allowed.  Failure to do so within the time allowed will result in the dismissal of the instant action.  It is

FURTHER ORDERED that Applicant will be allowed **thirty (30) days from the date of this order** in which to show cause as directed in the order of July 14, 2014 (ECF No. 4).  Failure to do so within the time allowed will result in the dismissal of the instant action.

DATED July 28, 2014, at Denver, Colorado.

BY THE COURT:

*s/Craig B. Shaffer*
CRAIG B. SHAFFER
United States Magistrate Judge