IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01938-BNB

JAMES P. ROBERTSON, JR.,

    Applicant,

v.

UNITED STATES OF AMERICA,

    Respondent.

## ORDER DISMISSING CASE

    Applicant, James P. Robertson, is a prisoner in the custody of the Federal Bureau of Prisons who currently is incarcerated at the United States Penitentiary, High Security, in Florence, Colorado. On July 3, 2014, Mr. Robertson filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1), characterized as a Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255. On July 14, 2014, an amended Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 3), also characterized as a Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255, was filed.

    Neither motion to vacate was on the Court-approved form and each failed to name as Respondent Mr. Robertson's current warden, superintendent, jailer or other custodian, the only proper Respondent in a habeas corpus action. On July 14, 2014, Magistrate Judge Boyd N. Boland entered an order (ECF No. 4) directing Applicant to cure deficiencies and show cause within thirty days why the § 2241 application should

not be denied and the action dismissed because he has an adequate and effective remedy pursuant to § 2255 in the United States District Court for the Middle District of Florida, the sentencing court.  On July 28, 2014, Magistrate Judge Craig B. Shaffer entered an order (ECF No. 7) directing Applicant to file within thirty days a second amended Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 on the Court-approved form that sued the proper Respondent and only he signed.  On July 30, 2014, rather than curing the designated deficiencies, showing cause as directed, and filing a second amended § 2241 application, Applicant filed a notice of voluntary dismissal (ECF No. 10) pursuant to Rule 41(a) of the Federal Rules of Civil Procedure.

The Court must construe liberally Mr. Peterson's notice of voluntary dismissal because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.

Pursuant to Rule 41(a)(1)(A) of the Federal Rules of Civil Procedure, Mr. Robertson "may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." No response has been filed by the Respondent in this action.  Pursuant to Fed. R. Civ. P. 41(a)(1)(B), the dismissal is without prejudice, unless otherwise stated.  A voluntary dismissal pursuant to Rule 41(a)(1)(A) is effective immediately upon the filing of a written notice of dismissal, and no subsequent court order is necessary.  *See* J. Moore, Moore's Federal Practice ¶ 41.02(2) (2d ed. 1995); *Hyde Constr. Co. v. Koehring Co.*, 388 F.2d 501, 507 (10th Cir. 1968).  The notice closes the file.  *See Hyde Constr. Co.*, 388 F.2d at 507.

Accordingly, it is

ORDERED that the instant action is dismissed without prejudice pursuant to the notice of voluntary dismissal (ECF No. 10) that Applicant, James P. Robertson, Jr., filed *pro se* on July 30, 2014. It is

FURTHER ORDERED that the voluntary dismissal is effective as of July 30, the date the notice of voluntary dismissal was filed in this action. It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this  4th  day of    August    , 2014.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court